UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOSE MIGUEL VEGA,

                Plaintiff,                       24 Civ. 2311 (AEK)

      -against-                              **DECISION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Currently before the Court is Plaintiff Jose Miguel Vega's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). ECF No. 27. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Plaintiff filed applications for Social Security Disability benefits and Supplemental Security Income benefits on June 24, 2020, with a claimed disability onset date of March 11, 2020. ECF No. 28 ("Berger Aff.") ¶ 1. His claims were denied, and Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on June 23, 2022. *Id.* On January 31, 2023, the ALJ issued a decision finding that Plaintiff was not disabled. *Id.* On February 14, 2024, the Appeals Council of the Social Security Administration ("SSA") denied Plaintiff's request for review of the ALJ's decision. *Id.*

On March 11, 2024, Plaintiff retained Daniel Berger, Esq., to litigate his claims for benefits in federal court. Berger Aff. ¶ 2 & Ex. A ("Retainer Agreement"). Pursuant to the Retainer Agreement executed by Plaintiff and counsel, Plaintiff agreed to pay Mr. Berger, for his work in federal court, 25 percent of any past-due benefits he received as a result of a remand to

the SSA following a successful federal court appeal and subsequent award by the SSA following additional proceedings.  *Id.*

Plaintiff filed his complaint in this action on March 27, 2024.  ECF No. 1.  The Commissioner filed the administrative record on June 4, 2024, ECF No. 13, and Plaintiff filed his brief in support of his position on September 16, 2024, ECF Nos. 17-18.  On November 6, 2024, before the Commissioner filed any opposition papers, the parties filed a proposed stipulation and order of remand.  ECF No. 19.  The Court signed the stipulation that same day, ECF No. 20, and judgment was entered on November 8, 2024, ECF No. 21.  Plaintiff thereafter filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF Nos. 22-24.  Pursuant to a stipulation that was so ordered by the Court, Plaintiff was awarded EAJA fees in the amount of $6,099.10.  ECF No. 26.  Mr. Berger did not receive any of the EAJA fees, however, because on February 20, 2025, the U.S. Department of the Treasury applied the entire EAJA award to payment of Plaintiff's outstanding child support debt.  Berger Aff. ¶ 4 & Ex. B.

After the case was remanded to the SSA, a second hearing was held before the same ALJ on July 2, 2025.  *Id.* ¶ 5.  On August 18, 2025, the ALJ issued a decision finding that Plaintiff was disabled since his alleged disability onset date of March 11, 2020.  *Id.*  By notice of award ("NOA") dated November 25, 2025, the SSA notified Plaintiff of the benefits he would be receiving.  Berger Aff. Ex. D (NOA).  The NOA indicated that the SSA was withholding 25 percent of the past-due benefits—a total of $23,824.25—to pay fees to Plaintiff's attorney. Berger Aff. ¶ 11 & NOA at 4.

Mr. Berger filed the instant motion, which seeks $23,824.25 in attorneys' fees, on December 11, 2025.  ECF Nos. 27-29.  On December 17, 2025, the Commissioner filed a

2

response in his limited role "resembling that of a trustee for the claimant[ ]."  ECF No. 30

("Def.'s Mem.") at 1 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).  The

Commissioner did not take a specific position with respect to the fee request.  *Id.* ("Defendant

neither supports nor opposes counsel's request for attorney's fees . . . under 42 U.S.C. §

406(b).").

## DISCUSSION

### I.      Legal Standard

"Three statutes authorize attorney's fees in social security actions.  42 U.S.C. § 406(a)

compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b)

compensates attorneys for representation before federal courts; and the EAJA provides additional

fees if the Commissioner's position was not 'substantially justified.'"  *LaFrance v. Saul*, No. 17-

cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535

U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019).  Pursuant to § 406(b),

which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who

was represented before the court by an attorney, the court may determine and allow as part of its

judgment a reasonable fee for such representation," as long as the fee does not exceed "25

percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. §

406(b)(1)(A).

### II.     Analysis

#### A.      Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period set forth

in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorneys' fee applications

under 42 U.S.C. § 406(b); the filing period runs from the date on which the notice of award is

received, and the period also may be subject to equitable tolling.  932 F.3d 83, 85 (2d Cir. 2019).[1]

Here, the NOA is dated November 25, 2025, and is presumed to have been received on November 28, 2025.  *See* NOA at 1; *Sinkler*, 932 F.3d at 89 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing.").  The motion for attorneys' fees was filed 13 days later on December 11, 2025.  ECF Nos. 27-29.  Accordingly, the motion was timely filed.

### B. Reasonableness of the Fee Award

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).  "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id.* at 852-53 (quotation marks omitted).  "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement." *Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or

---

[1] Rule 54(d)(2)(B) states that "[u]nless a statute or a court order provides otherwise," a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).

overreaching in making the agreement." *Fields*, 24 F.4th at 853 (cleaned up).  A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (cleaned up).

Here, counsel's requested fee is not greater than 25 percent of Plaintiff's past-due benefits, and there is no evidence or suggestion of fraud or overreaching in the negotiation of the Retainer Agreement.

The Court turns next to the reasonableness factors.  First, the requested fee, comprising 25 percent of Plaintiff's past-due benefits award, *see* NOA at 4, is in accordance with the character of the representation and the results achieved.  After bringing this action to challenge the denial of benefits, Mr. Berger was able to achieve a successful result for his client, as the Commissioner agreed to remand the case to the agency for further administrative proceedings. ECF Nos. 19-20.  Back before the SSA, Plaintiff was granted a second hearing before the same ALJ, who this time found Plaintiff to be disabled and entitled to receive benefits.  Berger Aff. ¶ 5; *see, e.g.*, *Shrack v. Saul*, No. 16-cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (finding that where the plaintiff sought and obtained a remand to the SSA, and "the plaintiff received a fully favorable result upon remand," the fee was in line with the character of the representation and the results achieved).

Second, Plaintiff's counsel did not cause any unreasonable delay in this action.  While Mr. Berger sought, and was granted, an extension of time to file Plaintiff's brief, ECF Nos. 15-

16, he had a valid basis for making his request, the request was made with the consent of opposing counsel, and the request did not result in an unreasonable delay.

Third, with respect to the so-called "windfall" factor, counsel's requested fee of $23,824.25 is not inappropriately large in light of the 24.1 hours of attorney time and 0.5 hours of paralegal time that counsel's firm devoted to the case and the successful result that was achieved. *See* Berger Aff. ¶¶ 7, 9 & Ex. C ("Timesheet"). For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship with the claimant," (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort taken to achieve that result." *Fields*, 24 F.4th at 854-55.

Here, Mr. Berger has worked for many years on Social Security disability cases at both the federal court and administrative levels and certainly possesses the requisite ability and expertise in this field. *See* Berger Aff. ¶ 8. Mr. Berger performed 3.3 hours of work on this matter, including reviewing the ALJ's decision and drafting the complaint. *See* Timesheet. Daniel S. Jones, another attorney working with Mr. Berger, has practiced exclusively in the area of federal court appeals of Social Security disability claims for over a decade, and also possesses the requisite ability and expertise in this field. *See* Berger Aff. ¶ 10. Mr. Jones performed 20.8 hours of work on this matter, including reviewing the administrative record and drafting the Plaintiff's brief. *See* Timesheet. An unidentified paralegal performed an additional 0.5 hours of work, filing documents at the outset of the litigation. *See id.* Courts within the Second Circuit generally and routinely endorse 20-40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4

6

(S.D.N.Y. May 18, 2022). The combined 24.1 hours of work performed by Mr. Berger and Mr. Jones and the 0.5 hours of work performed by the paralegal fall within this range. In addition, the Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of counsel's representation. Indeed, Plaintiff was awarded substantial past-due benefits and was found eligible for monthly benefits going forward. *See* NOA at 2[2]; *Bass*, 2022 WL 1567700, at *5 (finding that counsel's success in advocating on behalf of plaintiff "militate[s] in favor of approving" fee request). Further, given that Plaintiff did not secure a remand until after his counsel filed an opening brief, it is apparent that a favorable outcome was uncertain. *See Fields*, 24 F.4th at 856 ("A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern really is about."). Moreover, "[l]awyers who operate on contingency—even the very best ones— lose a significant number of their cases and receive no compensation when they do"; accordingly, when operating with a contingency agreement like the one at issue here, "payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Id.* at 855-56 (cleaned up). The award amount sought here appropriately reflects this risk.

Turning to the *de facto* hourly rate—which is not dispositive, *see id.* at 854—counsel would effectively be compensated here at a *de facto* blended hourly rate of $968.47 per hour

---

[2] The NOA does not state the total dollar amount of the past-due benefits award, but it does specifically state that the SSA withheld 25 percent of past-due benefits for attorneys' fees, and that the total withheld for this purpose was $23,824.25. NOA at 4. The Court therefore calculates that the total past-due benefits award was $95,297 ($23,824.25 x 4).

($23,824.25 for a total of 24.6 hours worked by both counsel and a paralegal).[3]  This rate is substantially below the $1,556.98 *de facto* hourly rate approved by the Second Circuit in *Fields* and well within the range of *de facto* hourly rates approved by various courts within this Circuit. *See Fields*, 24 F.4th at 854-57; *see also id.* at 856 n.10 (collecting cases with *de facto* hourly rates ranging from $1,289.06 to $2,100).  In sum, none of these factors indicate that the award requested by Mr. Berger would constitute a "windfall."

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for attorneys' fees (ECF No. 27) is GRANTED, and Mr. Berger is awarded attorneys' fees in the amount of $23,824.25, to be paid out of Plaintiff's past-due benefits in accordance with SSA policy.[4]

Dated: February 26, 2026
       White Plains, New York

                             **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

[3] Mr. Berger does not cite the 0.5 hours of paralegal time in his affirmation, but it appears in the submitted time records.  *See* Timesheet.  Likewise, the Commissioner does not include the paralegal time in his calculation of the *de facto* hourly rate.  *See* Def.'s Mem. at 1-2.  Whether or not the paralegal time is included in the analysis is immaterial—either way, the Court finds that the attorneys' fee award requested by Plaintiff's counsel is reasonable.

[4] Because Mr. Berger did not receive any EAJA fees, *see* Berger Aff. ¶ 4 & Ex. B, Mr. Berger does not need to return any portion of this award to Plaintiff.